IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL CLEMONS, MINIRU COLE, LATONYA PARKER, SCOTT D. PONGRATZ, individually and as class representatives for all similarly situated individuals, | Civil Action No. 2:19-CV-151 |
| Plaintiffs, | **JURY DEMAND** |
| | **CLASS ACTION** |
| v. | |
| DREAM CENTER EDUCATION HOLDINGS, LLC and ARGOSY EDUCATION GROUP, LLC, | |
| Defendants. | |

**CLASS ACTION COMPLAINT
FOR VIOLATION OF THE WORKER ADJUSTMENT AND
<u>RETRAINING NOTIFICATION ACT 29 U.S.C. § 2101,</u>** *<u>et seq.</u>*

Plaintiffs Carl Clemons, Miniru Cole, LaTonya Parker and Scott D. Pongratz, individually and as class representatives for all similarly situated individuals, by and through their undersigned counsel, bring this Complaint and make the following allegations, in accordance with the numbered paragraphs set forth below:

**NATURE OF ACTION**

1. This action is brought by former employees of Dream Center Education Holdings, LLC and Argosy Education Group, LLC (collectively, the "Defendants"), who were terminated without proper legal notice, as part of, or as a result of, campus shutdowns and/or mass layoffs at various facilities ("Facilities"), including but not limited to, the campus located in Pittsburgh, Pennsylvania.

2. Dream Center Education Holdings, LLC ("DCEH") owns and operated private institutions of higher education throughout the United States. DCEH is the parent of Argosy Education Group, LLC ("Argosy"). Argosy is a system of not for profit colleges owned by DCEH. Upon information and belief, DCEH and Argosy terminated employees without proper notice, severance, benefits or payment for earned wages, bonuses and other compensation.

3. As indicated above, Plaintiffs Carl Clemons, Miniru Cole, LaTonya Parker and Scott D. Pongratz (collectively, "Plaintiffs") were terminated by Defendants on or about January 22, 2019. Plaintiffs, and the members of the class they seek to represent, failed to receive proper advance notification of their terminations, in violation of the WARN Act and/or state wage and employee laws. Plaintiffs, and the members of the class they are seeking to represent, failed to receive payments owed to them under DCEH's compensation and benefit plans, actual payroll checks for payment of wages/salary, vacation benefits, deferred compensation and bonuses, including incentive bonuses, severance and retention bonuses, that were subsequently not honored or paid. The Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, campus closings ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et. seq*.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

**THE PARTIES**

6. Class Plaintiff, Carl Clemons, was a DCEH employee and worked at the Pittsburgh, Pennsylvania campus as an Enrollment Counselor, until his termination on or about January 22, 2019. Plaintiff's termination was part of Defendants' mass layoff/campus closing.

7. Class Plaintiff, Miniru Cole, was an Argosy employee and worked at the Pittsburgh, Pennsylvania campus in the Admissions Department, until her termination on or about January 22, 2019. Plaintiff's termination was part of Defendants' mass layoff/campus closing.

8. Class Plaintiff, LaTonya Parker, was an Argosy employee and worked at the Pittsburgh, Pennsylvania campus as an Enrollment Counselor, until her termination on or about January 22, 2019. Plaintiff's termination was part of Defendants' mass layoff/campus closing.

9. Class Plaintiff, Scott D. Pongratz, was an Argosy employee and worked at the Pittsburgh, Pennsylvania campus as an Enrollment Counselor, until his termination on or about January 22, 2019. Plaintiff's termination was part of Defendants' mass layoff/campus closing.

10. DCEH is a not-for-profit limited liability company with its principal place of business in Los Angeles, California. DCEH is the holding company for Dream Center Argosy University of California LLC and its direct subsidiary, Argosy Education Group LLC. Upon information and belief, DCEH also operated an online school along with several affiliated businesses. DCEH's colleges offered programs of study culminating in diplomas and certificates, associate's degrees, bachelor's degrees, master's degrees and doctorate degrees at various campuses and online.

11. Plaintiffs bring this action on behalf of themselves, and other similarly-situated former employees who worked for Defendants and their wholly owned subsidiaries and were terminated without cause, as part of, or as the result of, the mass layoff/campus

closing/termination of operations ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

## **WARN ACT CLASS ALLEGATIONS**

12. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

13. The Plaintiffs bring a Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and on behalf of all other similarly-situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a), who worked at or reported to an DCEH campus or Facility and were terminated without cause as the reasonably foreseeable consequence of the mass layoff/campus closing ordered by Defendants, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

14. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Upon information and belief, the Plaintiffs believe that the Class consists of at least 250-350 employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

15. On information and belief, the identity of the members of the class and the recent residential address of each of the WARN Class Members is contained in the books and records of Defendants.

16. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

17.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

- Whether the members of the WARN Class were employees of the Defendants who worked at or reported to a DCEH campus or Facility;

- Whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

- Whether Defendants unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

18.     The Plaintiffs' claims are typical of those of the WARN Class.  The Plaintiffs, like other WARN Class members, worked at or reported to the a DCEH campus or Facility and were terminated without cause or as part of the mass layoff/plant closing ordered by Defendants.

19.     The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Class Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

20.     The Defendants terminated the Plaintiffs' employment as part of a mass layoff/campus closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

21.     The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

22.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation — particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

25. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

27. At all relevant times, Defendants were "employers," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business both during and after the Defendants' decision to orchestrate the mass layoff of their employees at the DCEH and Argosy campuses and DCEH Subsidiaries and/or the shut-down of Defendants' business operations.

28.     The Defendants ordered and arranged for a "plant closing", as that term is defined by 29 U.S.C. § 2101(a)(2).

29.     The plant/campus closing at Defendants' employment sites resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the employment sites, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8), and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at single sites of employment.

30.     The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff/plant closing ordered by Defendants.

31.     The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

32.     Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

33.     Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

34.     The Plaintiffs, and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

35.     Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and upon information and belief, failed to make the pension and 401(k) contributions from and after the dates of their respective terminations.

7
PHIL1 7551009v.2

36. The relief sought in this proceeding is equitable in nature.

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly-situated persons, prays for the following relief as against Defendants, jointly and severally:

a. Certification of this action as a Class Action;

b. Designation of the Plaintiffs as Class Representatives;

c. Appointment of the undersigned attorneys as Class Counsel;

d. Judgment finding that Defendants' conduct was a violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*;

e. Award of Damages in favor of each named Plaintiff and each Other Similarly Situated Individual, equal to 60 days' wages and benefits, pursuant to the WARN Act;

f. Award of Damages in favor of each WARN Class Member equal to the unpaid wages, penalties, and interest due from the date the wages were due;

g. All interest as allowed by law on the amounts owed under the preceding paragraphs;

h. Reasonable attorneys' fees and costs; and

i. Such other and further relief as this Court may deem just and proper.

[*Remaining Page Intentionally Left Blank*]

## **DEMAND FOR JURY TRIAL**

Trial by jury is demanded on all issues triable by jury.

| | |
|---|---|
| DATED: February 11, 2019 | **KLEHR HARRISON HARVEY BRANZBURG LLP** |
| | |
| | *s/ William A. Harvey* |
| | Charles A. Ercole, Esq. |
| | PA Bar No. 69192 (*Pro Hac Vice* to be Filed) |
| | William A. Harvey, Esq. |
| | PA Bar No. 25344 (Admitted to WDPA) |
| | Sally E. Veghte, Esq. |
| | DE Bar No. 4762 (*Pro Hac Vice* to be Filed) |
| | 1835 Market Street, Suite 1400 |
| | Philadelphia, PA  19103 |
| | Telephone:  (215) 569-4282 |
| | Email:  cercole@klehr.com |
| | |
| | *Attorneys for Class Plaintiffs and the Putative Class* |